FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 13, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 4:22-CR-06041-MKD-3 |
| Plaintiff, | ORDER FOLLOWING INITIAL APPEARANCE AND ARRAIGNMENT AND SETTING DETENTION HEARING |
| v. | |
| ANGELA MADRIGAL CHAVEZ, | **USMS ACTION REQUIRED** |
| Defendant. | |

On Monday, December 12, 2022, Defendant made an initial appearance and was arraigned based on the Indictment (ECF No. 1). Defendant was represented by court-appointed attorney Robin Emmans. Assistant United States Attorney Timothy Ohms represented the United States. With Defendant's consent, Defendant appeared by video from Richland, Wasington.

Defendant was advised of and acknowledged Defendant's rights.

The Court entered pleas of not guilty on Defendant's behalf.

Ms. Emmans, a member of the Criminal Justice Act Panel, was previously appointed to represent Defendant, and that appointment was affirmed.[1]

---

[1] At the prior hearing, Defendant indicated that she did not wish to be represented by Ms. Emmans and that she was in the process of retaining counsel. ECF No. 41. Defendant also indicated that she would not be able to fully understand and participate

ORDER - 1

The Court directs the parties to review the Local Criminal Rules governing discovery and other issues in this case. http://www.waed.uscourts.gov/court-info/local-rules-and-orders/general-orders.

Under federal law, including Rule 5(f) of the Federal Rules of Criminal Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), and all applicable decisions from the Supreme Court and the Ninth Circuit interpreting *Brady*, the United States has a continuing obligation to produce all information or evidence known to the United States relating to guilt or punishment that might reasonably be considered favorable to Defendant's case, even if the evidence is not admissible so long as it is reasonably likely to lead to admissible evidence. *See United States v. Price*, 566 F.3d 900, 913 n.14 (9th Cir. 2009). Accordingly, the Court orders the United States to produce to Defendant in a timely manner all such information or evidence.

Information or evidence may be favorable to a defendant's case if it either may help bolster the defendant's case or impeach a prosecutor's witness or other

---

in that hearing at that time due to a medical problem. *Id.* The Court addressed both issues with Defendant, who indicated that she was able to fully understand and participate in this hearing and wished to proceed with Ms. Emmans as her counsel at this time.

ORDER - 2

1   government evidence. If doubt exists, it should be resolved in favor of Defendant
2   with full disclosure being made.
3         If the United States believes that a required disclosure would compromise
4   witness safety, victim rights, national security, a sensitive law-enforcement
5   technique, or any other substantial government interest, the United States may
6   apply to the Court for a modification of the requirements of this Disclosure Order,
7   which may include *in camera* review and/or withholding or subjecting to a
8   protective order all or part of the information.
9         This Disclosure Order is entered under Rule 5(f) and does not relieve any
10  party in this matter of any other discovery obligation. The consequences for
11  violating either this Disclosure Order or the United States' obligations under *Brady*
12  include, but are not limited to, the following: contempt, sanction, referral to a
13  disciplinary authority, adverse jury instruction, exclusion of evidence, and
14  dismissal of charges. Nothing in this Disclosure Order enlarges or diminishes the
15  United States' obligation to disclose information and evidence to a defendant under
16  *Brady*, as interpreted and applied under Supreme Court and Ninth Circuit
17  precedent. As the Supreme Court noted, "the government violates the
18  Constitution's Due Process Clause 'if it withholds evidence that is favorable to the
19  defense and material to the defendant's guilt or punishment.'" *Turner v. United*
20

ORDER - 3

*States*, 137 S. Ct. 1885, 1888 (2017) (quoting *Smith v. Cain*, 565 U.S. 73, 75 (2012)).

Prior to the hearing, the United States filed a Motion for Detention (ECF No. 36).

A detention hearing was set before **Judge Ekstrom in Richland, Washington, on Wednesday, December 14, 2022, at 9:00 AM.** Pending the hearing, Defendant shall be detained in the custody of the United States Marshals Service and produced for the hearing. The United States Probation/Pretrial Services Office shall prepare a pretrial services report prior to the hearing and shall notify defense counsel prior to interviewing Defendant.

**IT IS SO ORDERED**.

DATED December 13, 2022.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

ORDER - 4