FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 15, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANGELA MADRIGAL CHAVEZ,<br><br>Defendant. | No. 4:22-CR-06041-MKD-3<br><br>ORDER GRANTING THE UNITED STATES' MOTION FOR DETENTION<br><br>**ECF No. 36** |

On Wednesday, December 14, 2022, the Court conducted a hearing on the United States' Motion for Detention (ECF No. 36). Defendant was represented by court-appointed attorney Robin Emmans. Assistant United States Attorney Richard Burson represented the United States. With Defendant's consent, Defendant appeared by video from Richland, Wasington.

The Court has considered the Indictment (ECF No. 1), the Pretrial Services Report (ECF No. 35), the Supplemental Pretrial Services Report (ECF No. 51), and the arguments and proffers of counsel.

ORDER - 1

The United States contended that if released, Defendant would present both a risk of nonappearance and a danger to the safety of the community. Defendant, through counsel, contended there are conditions the Court could impose that would reasonably assure Defendant's appearance as required and the safety of the community if released.

The United States has invoked a rebuttable presumption of detention pursuant to 18 U.S.C. § 3142(e)(3). ECF No. 36. In a presumption case, the Court presumes "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community" if there is probable cause to believe that the person committed "an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.) . . . ." 18 U.S.C. § 3142(e)(3)(A). The Court agrees that the rebuttable presumption applies in the instant case because Defendant is charged with violating 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii). *See* ECF No. 1.

Although the presumption of detention shifts the burden of production to Defendant, the ultimate burden of persuasion on Defendant's risk of nonappearance and danger to the community remains with the Government. *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008). When a defendant presents evidence to rebut the presumption arising under 18 U.S.C. § 3142(e)(3),

ORDER - 2

the presumption itself still mitigates against the defendant's release, and is "to be weighed along with other evidence relevant to factors listed in § 3142(g)." *Id.* (quoting *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986)).

The Court has evaluated the four factors outlined in 18 U.S.C. § 3142(g) to determine whether there are conditions of release that would reasonably assure Defendant's appearance in court and the safety of the community: (1) the nature and circumstances of the offense; (2) the weight of evidence against Defendant; (3) the history and characteristics of Defendant; and (4) the nature and seriousness of the danger Defendant would present to the community if released.

As to the first factor and as noted above, due to the nature of the charges, there is a rebuttable presumption of detention in this case. Moreover, the Government proffered[1] that a search of Defendant's vehicle that was seized from her property (one of approximately eighteen vehicles that she owns) revealed a modified, hidden compartment—commonly referred to as a "trap" in smuggling

---

[1] This Court has previously noted that the Government's use of a "[p]roffer-once-removed . . . is sub-optimal." Case No. 1:22-CR-02045-MKD-1, ECF No. 23, at 3 n.1. While the Government's proffer at this hearing appears not to be once-removed, the Court continues to have concerns when the Government makes proffers and neither party knows whether the supporting material has been or will be provided to the Defense.

ORDER - 3

parlance.  Within the trap, law enforcement officers seized 2 kilograms of cocaine, 1 kilogram of heroin, and 8,000 fentanyl pills.  Prior to the hearing, the Court had some minor concerns as to the number of vehicles Defendant owns, given the offenses charged.  The Government's proffer, however, elevates this concern to a much higher level given the high level of sophistication that the installation of the trap demonstrates, as well as the danger the controlled substances—particularly the 8,000 fentanyl pills—present to the community.

As to the second factor, the weight of the evidence is the least important factor and Defendant is entitled to a presumption of innocence.  However, the Government further proffered that Defendant had made incriminating statements, and was identified participating in controlled substance transactions on video taken by both law enforcement surveillance and cooperating witnesses.  Therefore, this factor weighs in favor of detention.

As to the third factor, Defendant is not a legal resident of the United States.  Although she has resided in Moses Lake, Washington for the past 10 years, she was unemployed at the time of her arrest and appears to have limited ties to the District.  Therefore, this factor weighs in favor of detention.

As to the fourth factor, Defendant was charged as the third defendant in this case, which would seem to indicate that she was a relatively low-level member of the alleged conspiracy.  However, the risk of danger to the community stemming

ORDER - 4

from the controlled substances seized is profound. Therefore, this factor weighs in favor of detention.

The Court finds that Defendant has overcome the rebuttable presumption of detention in this matter. However, the presumption "is not erased" but instead becomes another factor to be weighed alongside the § 3142(g) factors. *Hir*, 517 F.3d at 1086. And upon considering these five factors, the Court finds that the United States has not established by the required preponderance of evidence an absence of conditions or combination of conditions of release that would reasonably assure Defendant's presence at trial. However, the United States has established by clear and convincing evidence that Defendant poses a present risk to the safety of other persons or the community that cannot be mitigated by conditions or a combination of conditions of release.

Accordingly, **IT IS ORDERED:**

1. The United States' Motion for Detention (**ECF No. 36**) is **GRANTED**. Defendant shall be held in detention pending disposition of this case or until further order of the Court.

2. Defendant is committed to the custody of the United States Marshals Service for confinement separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

3. Defendant shall be afforded reasonable opportunity for private

ORDER - 5

consultation with counsel.

4. If a party desires this Court to reconsider conditions of release because of material and newly discovered circumstances pursuant to 18 U.S.C. § 3142(f), that party shall file a maximum four-page motion for reconsideration succinctly stating what circumstances are new, how they are established, and the requested change in conditions of release.  The motion shall indicate whether opposing counsel; United States Probation/Pretrial Services; or another party with a substantial interest in the motion object, whether a hearing is desired, and whether a supplemental pretrial services report is requested.  If the moving party, after the exercise of due diligence, is unable to determine the position of opposing counsel; United States Probation/Pretrial Services; or another party with a substantial interest in the motion, the moving party may in the alternative document the date; time; and manner of each effort made to determine that party's position.  This Court will treat the motion as expedited and submitted without argument, and will set a hearing or issue other orders as may be appropriate.

5. If a party desires that another Court review this order pursuant to 18 U.S.C. § 3145, that party shall promptly file a motion for review before the district judge to whom the case is assigned, as further described in the Detention Order Review Protocol published for the Eastern District of Washington.  Both parties shall cooperate to ensure that the motion is promptly determined.

6.  Defendant is bound over to Judge Mary K. Dimke for further proceedings.

**IT IS SO ORDERED.**

DATED December 15, 2022.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

ORDER - 7